UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE MASON,

    Petitioner,                    Case No. 2:17-cv-11940

v.                                HONORABLE STEPHEN J. MURPHY, III

SHAWN BREWER,

    Respondent.
                                      /

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR EQUITABLE TOLLING [2], GRANTING RESPONDENT'S
MOTION FOR DISMISSAL [7], AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Tyrone Mason is incarcerated in a Michigan state prison and petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Mason challenges his conviction for two counts of first-degree criminal sexual conduct, and he has also filed a motion for equitable tolling of the limitations period. Respondent did not file a response to the motion and, instead, filed a motion for dismissal of the petition for failure to comply with the limitations period. The Court finds equitable tolling of the limitations period unjustified and will therefore grant the motion to dismiss.

**BACKGROUND**

Following a jury trial in Recorder's Court for the City of Detroit, Mason was convicted of two counts of first-degree criminal sexual conduct. On December 16, 1985, he was sentenced to 40 to 120 years' imprisonment. The Michigan Court of Appeals affirmed his convictions on direct appeal. *People v. Mason*, No. 91388 (Mich. Ct. App. July 21, 1988) (ECF No. 8-8). The Michigan Supreme Court denied leave to appeal.

*People v. Mason*, No. 83884 (March 7, 1989) (ECF No. 8-9).

On February 25, 1991, the trial court denied Mason's motion for resentencing. *See* ECF 8-16, PgID 1110. On September 13, 1991, the Michigan Court of Appeals denied Mason's delayed application for leave to appeal. ECF 7-2, PgID 134. Mason did not seek leave to appeal in the Michigan Supreme Court. *See* ECF 8-11.

On September 18, 2014, Mason attempted to file a motion for relief from judgment in the trial court. The trial court ordered the motion returned without filing for failure to comply with Michigan Court Rule 6.502(D). *See* ECF 8-13.

On March 27, 2015, Mason filed another motion for relief from judgment. The trial court denied this motion, too. ECF 8-15. The Michigan Court of Appeals subsequently denied Mason's application for leave to appeal, *People v. Mason*, No. 332284 (Mich. Ct. App. Aug. 3, 2016), and on January 1, 2017, the Michigan Supreme Court likewise denied leave to appeal, *People v. Mason*, 500 Mich. 934 (Jan. 31, 2017).

On June 9, 2017, Mason concurrently filed the instant habeas corpus petition and motion for equitable tolling. ECF 1, 2. Respondent filed a motion to dismiss, arguing that the petition was not timely filed and that equitable tolling is not warranted. ECF 7. Mason did not file a response.

## DISCUSSION

Respondent argues that the petition is barred by the one-year statute of limitations. Habeas petitions filed after April 24, 1996 are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). AEDPA imposes a one-year limitations period for habeas petitions like Mason's. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file his petition within one year of the "date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007). A properly filed application for state post-conviction relief tolls the limitation period, but does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Mason concedes that, absent equitable tolling, his habeas petition is untimely. Mason's conviction became final in 1989, well before AEDPA's effective date, April 24, 1996. Prisoners whose convictions became final before AEDPA's effective date were given a one-year grace period, until April 24, 1997, to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). The limitations period is statutorily tolled during the pendency of a properly filed application for state-post conviction relief. *Vroman*, 346 F.3d at 602. Mason's state court filings did not statutorily toll the limitations period because all but one of his motions for post-conviction relief were filed well after the one-year limitations period expired. Mason is therefore correct that his petition is untimely unless the limitations period is equitably tolled.

AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Mason argues that he is entitled to equitable tolling of the

limitations period because he suffers from a lack of financial resources, has a long history of mental illness, has been "heavily medicated at all times relevant to the preparation and filing of a habeas corpus petition," is illiterate, and only recently learned about the availability of habeas corpus relief. ECF 2, PgID 103–04.

Mason's ignorance of the availability of habeas corpus relief and lack of resources to hire an attorney do not justify equitable tolling. The Sixth Circuit has consistently held that ignorance of the law is insufficient to warrant equitable tolling. *See Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004). Mason's lack of funds to retain an attorney is also not a ground for equitable tolling, *Reeves v. Campbell*, 708 F. App'x 230, 235 (6th Cir. 2017), nor is his illiteracy, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

A petitioner's mental incompetence can constitute an extraordinary circumstance justifying equitable tolling of the one-year limitations period. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In *Ata*, the Sixth Circuit held that to be entitled to equitable tolling for mental incompetence the petitioner must show that he was mentally incompetent and that his incompetence caused the late filing. *Id.* at 742. The petitioner must show "a causal link between the mental condition and untimely filing[.]" *Id.* A mental impairment "'might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance'" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Mason fails to satisfy this standard. He states that he has suffered from long-term mental illness and has been heavily medicated during the time period when he could

have filed a habeas petition. Although Mason was found incompetent to stand trial in February 1985 and July 1985, ECF 8-12, PgID 850, 852, he was subsequently found competent on October 4, 1985, ECF 8-14, PgID 986, and trial commenced the following month, ECF 8-3. Mason presents no evidence that he suffered from mental illness after that date, let alone a mental illness that caused his failure to file a timely petition.

In addition, he was able to file a motion for resentencing and motion for relief from judgment in the trial court, and sought leave to appeal from the trial court's denial of each of these motions. A petitioner's ability to file other pleadings is relevant to whether there is a causal connection between a petitioner's mental condition and the ability to file a timely habeas petition. *See Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (finding equitable tolling unavailable where, although petitioner had "continuing mental health problems", she continued to litigate in the state court); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) ("The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity.") (quoting *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002)).

Finally, Mason's apparent receipt of assistance from the prison legal writer program when pursuing state-court collateral review does not warrant equitable tolling. The Sixth Circuit has declined to equitably toll the limitations period when a petitioner who was claiming mental incompetence actively pursued claims in state court "by seeking and obtaining help completing legal paperwork." *Price*, 119 F. App'x at 726.

In sum: although the state court record indicates that Mason suffered from

mental illness in 1985, the record does not indicate that the mental illness continued after he was found competent to stand trial in October 1985, or that there was a causal link between his mental condition or any medication and the untimely filing of this petition. He provides nothing more than speculation about how his mental illness (for which he provides no post-1985 substantiation) prevented him from timely filing. This is insufficient to justify tolling of the limitations period. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008) (concluding that speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing). The record simply does not support Mason's assertion that his mental illness, or the effects of medication were so severe that they were an "extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649. The petition is therefore untimely and will be dismissed.

## CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and alterations omitted).

Here, the Court concludes that reasonable jurists could not debate the Court's conclusion that the petition is untimely. The Court will therefore deny a certificate of appealability.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's Motion for Equitable Tolling [2] is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus [7] is **GRANTED**.

The Court further **DENIES** a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Date: March 27, 2018         s/Stephen J. Murphy, III
                             STEPHEN J. MURPHY, III
                             United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2018, by electronic and/or ordinary mail.

                             s/David P. Parker
                             Case Manager

7